IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-CV-90-D

UNITED STATES OF AMERICA )
ex rel. GANESA ROSALES, )
)
Plaintiff, )
)
v. ) **ORDER**
)
AMEDISYS, INC., et al., )
)
Defendants. )

On June 1, 2020, Ganesa Rosales ("Rosales" or "relator") filed a qui tam complaint on behalf of the United States and North Carolina against Amedisys North Carolina, L.L.C. ("Amedisys") alleging violations of the federal False Claims Act ("FCA"), 31 U.S.C. §§ 3729–3733, and the North Carolina False Claims Act ("North Carolina FCA"), N.C. Gen. Stat. §§ 1-605 et seq. [D.E. 1].[1] On October 15, 2021, Rosales amended her complaint, adding Sanjay Batish, M.D. ("Batish") and Batish Medical Service, PLLC ("BMS") (collectively with Amedisys, "defendants") as defendants and adding a claim for alleged violations of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b [D.E. 22]. On May 24, 2023, the United States and North Carolina declined to intervene [D.E. 35].

On October 16, 2023, defendants moved to dismiss Rosales's amended complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted [D.E.

---

[1] Rosales also named Amedisys's parent company, Amedisys, Inc., and several Amedisys, Inc. subsidiaries as defendants in this action. See [D.E. 1, 22]. On November 16 and 27, 2023, Rosales voluntarily dismissed Amedisys, Inc. and its subsidiaries (except for Amedisys North Carolina, L.L.C.) from this action [D.E. 49, 52].

45] and filed a memorandum in support [D.E. 46]. See Fed. R. Civ. P. 12(b)(1), (6). On October 16, 2023, defendants asked the court to take judicial notice of another FCA complaint [D.E. 47]. On November 16, 2023, Rosales responded in opposition to defendants' motion to dismiss [D.E. 50]. On December 11, 2023, defendants replied [D.E. 57]. As explained below, the court grants defendants' motion to dismiss for lack of subject-matter jurisdiction.

I.

Amedisys and its corporate affiliates operate hospice care centers. See Am. Compl. [D.E. 22] ¶ 37. Medicare pays for a patient's hospice care, provided the "patient's attending physician and the medical director of the hospice program . . . each certify in writing that the [patient] is terminally ill prior to the admission of that patient into the Medicare hospice program." Id. at ¶ 45. Proper certificates "include the presence of clinical information and other documentation in the medical record that support the patient's status as 'terminally ill.'" Id. at ¶ 47. Medicare conditions payment for hospice care on proper certification. See id. at ¶¶ 50, 58. North Carolina Medicaid closely tracks Medicare's hospice laws "and requires compliance therewith." Id. at ¶ 59.

From November 13, 2017, to March 24, 2019, Rosales was a home hospice case manager for Amedisys. See id. at ¶ 35. Rosales examined and cared for patients in their homes and assessed their suitability for admission to hospice care. See id. Batish was Rosales's medical director and oversaw and approved hospice admissions. See id.

According to Rosales, "Amedisys and [Batish] repeatedly pressured [Rosales] and other Amedisys nurses and Amedisys employees to admit patients to hospice care and/or provide false information for the purposes of recertifying a hospice patient by fabricating, falsifying, or enhancing symptoms, capabilities, diagnoses[,] and/or patient status when the patients did not

actually meet the Medicare and Medicaid guidelines as 'terminal' to qualify for hospice care." Id. at ¶ 73. Rosales alleges "the fraudulent admissions were . . . a company-wide (nationwide) phenomenon" and were "encouraged from the highest corporate levels." Id. at ¶¶ 74–75. Moreover, Rosales and "her fellow nurse case managers" often "attempt[ed] to present their findings to [Batish] for a medical eligibility determination," but "Batish was unavailable and did not make hospice eligibility and admission decisions for Amedisys." Id. at ¶¶ 80–81. Instead, Rosales and other nurses "would be directed to the hospice regional director . . . , who is not a medical doctor," for hospice admissions. Id. at ¶ 82. Thus, Amedisys often admitted patients to hospice care without proper approval from its medical director. See id. at ¶¶ 83–87. Rosales alleges that, despite defendants' improper admissions and false certifications, Amedisys routinely submitted fraudulent claims to and received reimbursement from Medicare and North Carolina Medicaid. See id. at ¶¶ 24, 94–95, 104–05, 155. Rosales alleges that Medicare and North Carolina Medicaid would not have paid Amedisys for these claims if they had known of Amedisys's fraud. See id.

II.

A motion to dismiss under Rule 12(b)(1) tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted). A federal court "must determine that it has subject-matter jurisdiction over [a claim] before it can pass on the merits of that [claim]." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). When considering a Rule 12(b)(1) motion, the "court may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." White Tail Park, Inc. v. Stroube, 413 F.3d 451, 459 (4th Cir. 2005) (quotation omitted); see Evans v. B.F. Perkins Co., 166

3

F.3d 642, 647 (4th Cir. 1999). A plaintiff must establish that this court has subject-matter jurisdiction. See, e.g., Steel Co., 523 U.S. at 103–04; Evans, 166 F.3d at 647; Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). When a defendant asserts "that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged" in the complaint and any additional materials. Kerns v. United States, 585 F.3d 187, 193 (4th Cir. 2009).

Defendants contend that United States ex rel. Byers v. Amedisys SC LLC, No. 7:21-CV-3109, 2022 WL 4237076 (D.S.C. Sept. 14, 2022) (unpublished), bars Rosales's action under the FCA's first-to-file rule. See [D.E. 46] 11–16; 31 U.S.C. § 3730(b)(5).[2] Rosales responds that the first-to-file rule does not apply because she named different defendants than in Byers. See [D.E. 50] 9–11. Rosales also argues that the first-to-file rule does not apply to her North Carolina FCA claim or her anti-kickback claim. See id. at 11. Defendants reply that Rosales's operative complaint for purposes of the first-to-file rule is her original complaint, and Rosales cannot add different defendants or different claims to evade the first-to-file rule. See [D.E. 57] 3–6. Defendants also contend that the first-to-file rule applies to Rosales's North Carolina FCA claim and her anti-kickback claim. See id. at 6–8.

---

[2] Defendants ask this court to take judicial notice of the Byers complaint. See [D.E. 47, 47-1]. Courts "properly take judicial notice of matters of public record." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Thus, "Federal Rule of Evidence 201 allows a court to take judicial notice of a document filed in another court to establish the fact of such litigation." In re Hunter, 610 B.R. 479, 491 (M.D.N.C. Bankr. 2019) (quotation omitted); see In re Alexander, 524 B.R. 82, 88 (E.D. Va. 2014). Accordingly, the court grants defendants' motion to take judicial notice of the Byers complaint. See, e.g., Cho ex rel. States v. Surgery Partners, Inc., 30 F.4th 1035, 1043 n.5 (11th Cir. 2022).

4

"When a person brings an action under [the qui tam subsection of the FCA], no person other than the Government may intervene or bring a related action based on the facts underlying the pending action." 31 U.S.C. § 3730(b)(5). This restriction, called the "first-to-file" rule, incentivizes "relators to promptly alert the government to the essential facts of a fraudulent scheme, while also keeping in mind the FCA's goal of maintaining the balance between encouraging citizens to report fraud and stifling parasitic lawsuits." United States ex rel. Carson v. Manor Care, Inc., 851 F.3d 293, 302 (4th Cir. 2017) (cleaned up). "In other words, only one qui tam action relating to the alleged fraud is permitted to be pending at any time." United States ex rel. Rush v. Agape Senior, LLC, No. 3:13-CV-666, 2014 WL 6910480, at *3 (D.S.C. Aug. 18, 2014) (unpublished). The "first-to-file bar [is] an absolute, unambiguous[,] exception-free rule." United States ex rel. Carter v. Halliburton Co., 710 F.3d 171, 181 (4th Cir. 2013), rev'd on other grounds sub nom. Kellogg Brown & Root Servs., Inc. v. United States, ex rel. Carter, 575 U.S. 650 (2015); see United States ex rel. LaCorte v. Wagner, 185 F.3d 188, 191–92 (4th Cir. 1999). The first-to-file rule is jurisdictional. See Carter, 710 F.3d at 181. Thus, "[i]f a court finds that the particular action before it is barred by the first-to-file rule, the court lacks subject matter jurisdiction over the later-filed matter," and the court "must dismiss the action." Carson, 851 F.3d at 303; see Carter, 710 F.3d at 181.

To determine whether a later-filed complaint is based on the facts underlying an earlier complaint, the court uses the "same material elements" test. See Carter, 710 F.3d at 181–82. "Under this test, a later suit is barred if it is based upon the same material elements of fraud as the earlier suit, even though the subsequent suit may incorporate somewhat different details." Id. at 182 (quotation omitted); see Carson, 851 F.3d at 302–03; United States ex rel. Lujan v. Hughes Aircraft Co., 243 F.3d 1181, 1189 (9th Cir. 2011). "Differences in specifics—such as geographic

5

location or added facts—will not save a subsequent case." Carson, 851 F.3d at 302 (cleaned up); see Carter, 710 F.3d at 181.

The first-to-file analysis proceeds in two steps: first, the court must determine if the earlier-filed case "remains undecided." Kellogg Brown & Root Servs., Inc., 575 U.S. at 662. Second, the court "must decide if the claims in the later-filed case are based on facts underlying the case filed first." Rush, 2014 WL 6910480, at *4; see Carson, 851 F.3d at 302–03; Carter, 710 F.3d at 181–82.

On August 14, 2015, the relator in Byers filed her initial complaint. See Byers, 2022 WL 4237076, at *1. The case remains pending in the United States District Court for the District of South Carolina. See id. at *6; see also Docket, Byers, No. 7:21-CV-3109 (D.S.C.). Accordingly, Rosales's complaint meets the first prong of the first-to-file rule.

As for whether Rosales's complaint is based on facts underlying the complaint in Byers, the court must first determine which of Rosales's complaints is the operative complaint. Rosales contends her amended complaint is the operative complaint. See [D.E. 50] 6–11. Defendants respond that Rosales's operative complaint is her initial complaint. See [D.E. 57] 3–5.

The United States Court of Appeals for the Fourth Circuit has not decided whether a relator can amend her initial complaint to defeat the FCA's first-to-file rule. Cf. United States ex rel. Carter v. Halliburton Co., 866 F.3d 199, 212 (4th Cir. 2017) (Wynn, J., concurring). Courts are divided on the question. Compare United States ex rel. Gadbois v. PharMerica Corp., 809 F.3d 1, 6 (1st Cir. 2015), with United States ex rel. Wood v. Allergan, Inc., 899 F.3d 163, 171–74 (2d Cir. 2018), and United States ex rel. Shea v. Cellco P'ship, 863 F.3d 923, 929–30 (D.C. Cir. 2017).

In Wood, the Second Circuit held that permitting a relator to amend his complaint in order to defeat "the first-to-file bar" conflicts "with the language of the statute." Wood, 899 F.3d at 171.

6

The Second Circuit explained that "the statute bars a person from <u>bringing</u>—not continuing to prosecute—a related action during the pendency of an FCA case." <u>Id.</u> at 172 (emphasis in original). "[A]mending or supplementing a complaint does not <u>bring</u> a new action, it only <u>brings</u> a new complaint into an action that is already pending." <u>Id.</u> "[A]n amended or supplemental pleading cannot change the fact that [relator] <u>brought</u> an action while another related action was pending, as is prohibited by the first-to-file bar." <u>Id.</u> at 172–73.

In <u>Shea</u>, the D.C. Circuit held that a relator's "action was incurably flawed from the moment he filed it." <u>Shea</u>, 863 F.3d at 930. The court explained that "a plaintiff can often cure a pleading defect by amending the complaint." <u>Id.</u> at 929. Under the FCA, however, "a supplemental <u>complaint</u> cannot change when [relator] brought [the later-filed] <u>action</u> for purposes of the statutory [first-to-file] bar." <u>Id.</u>

Courts generally agree with the Second and D.C. Circuits and hold that a relator cannot avoid the first-to-file bar by amending her complaint. <u>See, e.g., Cho</u>, 30 F.4th at 1040–41 & n.3; <u>United States ex rel. Mohajer v. Omnicare, Inc.</u>, 525 F. Supp. 3d 447, 459 (S.D.N.Y. 2021); <u>United States v. Albertsons, LLC</u>, No. SA-15-CV-957, 2018 WL 6609571, at *5 (W.D. Tex. Dec. 17, 2018) (unpublished); <u>United States ex rel. Carter v. Halliburton Co.</u>, 144 F. Supp. 3d 869, 883 (E.D. Va. 2015); <u>United States ex rel. Moore v. Pennrose Props., LLC</u>, No. 3:11-CV-121, 2015 WL 1358034, at *15 (S.D. Ohio Mar. 24, 2015) (unpublished); <u>United States ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.</u>, 782 F. Supp. 2d 248, 259–264 (E.D. La. 2011). This court finds these cases persuasive. Thus, the court reviews Rosales's initial complaint to determine whether the first-to-file rule bars her action.

In <u>Byers</u>, the relator alleged that Amedisys, Inc. and some of its subsidiaries violated the FCA by submitting false claims to Medicare, Medicaid, and Tricare for hospice care for ineligible

7

Case 7:20-cv-00090-D    Document 58    Filed 04/10/24    Page 7 of 13

patients. See [D.E. 46-1] ¶¶ 48–59. In particular, the Byers relator alleged that Amedisys, Inc. and its affiliates submitted improper and false certifications of hospice patients, developed false or fraudulent plans of care, falsely documented patient conditions, improperly admitted hospice patients without conducting assessments, and improperly marketed its services to prospective patients. See id. at ¶ 45. Rosales alleges that Amedisys violated the FCA by fabricating patients' conditions and symptoms, conducting improper patient assessments and admissions, and submitting false patient certifications to receive reimbursement from Medicare and Medicaid. See Compl. [D.E. 1] ¶¶ 22–24, 75–127. Accordingly, Rosales and the Byers relator both allege Amedisys (or its relevant affiliates) sought and received government reimbursements by submitting claims for patients Amedisys fraudulently certified as hospice patients. Rosales does not meaningfully argue to the contrary. See [D.E. 50] 9–11. Thus, the first-to-file rule bars Rosales's action. See, e.g., Byers, 2022 WL 4237076, at *4.

This conclusion comports with Byers, in which relators filed four complaints in four different courts against Amedisys, Inc. and some of its subsidiaries. See Byers, No. 7:21-CV-3109, [D.E. 121] 9 (D.S.C. Mar. 28, 2022); see also Byers, 2022 WL 4237076, at *1. Relators consented to these cases' consolidation and transfer to the United States District Court for the District of Massachusetts. See Byers, No. 7:21-CV-3109, [D.E. 121] 9. After the United States declined to intervene, relators dismissed one of the underlying actions and moved to transfer the consolidated action to the United States District Court for the District of South Carolina, where the action still proceeds. See id. On September 14, 2022, the United States District Court for the District of South Carolina dismissed two of the underlying actions under the FCA's first-to-file rule because the "later-filed claims are based on the same material elements of fraud as Byers's suit—that is, that Defendants defrauded the United States by submitting, or causing to be

8

submitted, false or fraudulent claims to Medicare for ineligible hospital patients." Byers, 2022 WL 4237076, at *4. Accordingly, the court dismisses Rosales's action for lack of subject-matter jurisdiction under the FCA's first-to-file rule.

In opposition to this conclusion, Rosales contends that the first-to-file rule does not apply because she named different defendants in her amended complaint than the Byers complaint. See [D.E. 50] 8–11. Defendants respond that adding new defendants does not save Rosales's amended complaint from the first-to-file rule. See [D.E. 57] 4–6.

As discussed, Rosales cannot amend her complaint to defeat the first-to-file rule. Even if she could, however, Rosales's new defendants do not save her action. Rosales amended her complaint to add Batish and BMS as defendants and voluntarily dismissed all other defendants except Amedisys. See Am. Compl. 2–3; [D.E. 49, 52]. Thus, Rosales's amended complaint names Amedisys, Batish, and BMS as defendants. In Byers, the relator named Amedisys's parent company and Amedisys's South Carolina sister companies as defendants. See [D.E. 46-1] 2.

Under the "material elements test," a relator cannot defeat the first-to-file rule "by simply adding factual details or geographic location to the essential or material elements of a fraud claim." Carter, 710 F.3d at 182 (quotation omitted); see Carson, 851 F.3d at 302–03. "A belated relator who merely adds details to a previously exposed fraud does not help reduce fraud or return funds to the federal fisc, because once the government knows the essential facts of a fraudulent scheme, it has enough information to discover related frauds." Carson, 851 F.3d at 303 (quotation omitted). "[A]dding a new defendant to the mix does not necessarily allow a later-filed action to evade the first-to-file bar, particularly where the new defendant is a corporate relative or affiliate of the earlier-named defendants." Cho, 30 F.4th at 1043; see, e.g., In re Nat. Gas Royalties Qui Tam Litig. (CO2 Appeals), 566 F.3d 956, 962 (10th Cir. 2009); Grynberg v. Koch Gateway Pipeline

9

Co., 390 F.3d 1276, 1280 n.4 (10th Cir. 2004); Hampton v. Columbia/HCA Healthcare Corp., 318 F.3d 214, 218 (D.C. Cir. 2003) (holding that a later-filed action was barred where it alleged the same fraudulent scheme as the earlier-filed action, but named a different subsidiary and several employees as defendants and alleged the defendants perpetrated the scheme in six other states while the earlier-filed action named only the parent corporation as a defendant); Rush, 2014 WL 6910480, at *6. Thus, the court "must determine whether [adding] a new defendant amounts to allegations of a 'different' or 'more far-reaching scheme' than was alleged in the earlier-filed action." Cho, 30 F.4th at 1043.

In Byers, the complaint principally focuses on Amedisys, Inc.'s alleged FCA violations in South Carolina, but relator alleges that "Defendant's . . . practices . . . are occurring on an ongoing, regular, systematic, and wide-spread basis." [D.E. 46-1] ¶ 45. As discussed, the Byers relator and Rosales both allege Amedisys (or its relevant affiliates) violated the FCA by submitting false claims to Medicare and Medicaid for ineligible hospice patients. In her amended complaint, Rosales directs these allegations at North Carolina defendants. See [D.E. 50] 10 ("[U]nless the Byers Plaintiffs assert and prove a federal FCA claim against Amedisys' North Carolina subsidiary, it will not recover against Defendant, Amedisys North Carolina LLC . . . [and] Dr. Batish and his practice."). Batish, however, is a medical director, and the Byers relator includes allegations against Amedisys, Inc.'s medical directors. See [D.E. 46-1] ¶ 45. Rosales's amended complaint does not overcome the first-to-file bar by alleging a narrower scheme or different geographical area from the Byers complaint and naming one employee implicitly named in the Byers complaint. See, e.g., Hampton, 318 F.3d at 218. In other words, based on the Byers action, the government knows the essential facts of Amedisys, Inc.'s alleged company-wide fraudulent

10

scheme. Thus, the government has enough information to discover the fraud in North Carolina that Rosales alleges. See Carson, 851 F.3d at 303.

This conclusion comports with Byers. In Byers, the United States District Court for the District of South Carolina dismissed a subset of the consolidated claims (the "Monroe action" and the "Ward action") under the FCA's first-to-file rule. See Byers, 2022 WL 4237076, at *4. In the Ward action, the relator's allegations principally concerned Amedisys, Inc.'s New Jersey operations, but the relator alleged that "based on conversations between Relator and Amedisys executives . . . , the same type of misconduct is occurring at other Amedisys locations around the country." Byers, 7:21-CV-3109, [D.E. 85-4] ¶ 37 (D.S.C. Oct. 4, 2021). In the Monroe action, the relator's allegations were "company-wide." Byers, 7:21-CV-3109, [D.E. 85-3] ¶ 29 (D.S.C. Oct. 4, 2021). Neither action survived the FCA's first-to-file bar. See Byers, 2022 WL 4237076, at *4. Accordingly, Rosales's action meets the same fate.

Rosales contends "the first to file rule has no application to . . . her Anti-Kickback claim." [D.E. 50] 11.[3] Rosales's amended complaint includes a claim under the Anti-Kickback Statute. As discussed, however, Rosales cannot amend her complaint to defeat the first-to-file rule. Thus, the court rejects Rosales's argument.

Rosales also alleges a claim under the North Carolina FCA. See Compl. ¶¶ 149–53. The parties dispute whether the FCA's first-to-file rule also bars this claim. Compare [D.E. 50] 11, with [D.E. 57] 7. The court, however, need not reach this question. The court dismisses Rosales's federal claims for lack of subject-matter jurisdiction. Rosales and at least two of the three

---

[3] The Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b), does not provide a private right of action. See 42 U.S.C. § 1320a-7b(b). A violation, however, of the Anti-Kickback Statute constitutes a "false or fraudulent claim" under the FCA. See 42 U.S.C. § 1320a-7b(g).

11

remaining defendants are North Carolina citizens. See Am. Compl. ¶¶ 34, 40. Thus, this court lacks original subject-matter jurisdiction over Rosales's North Carolina FCA claim. See 28 U.S.C. §§ 1331, 1332.

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988), superseded on other grounds by 28 U.S.C. § 1447(c); see Shanghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) ("Recent case law has emphasized that trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished."); see also Walsh v. Mitchell, 427 F. App'x 282, 283 (4th Cir. 2011) (per curiam) (unpublished); Root v. Cnty. of Fairfax, 371 F. App'x 432, 435 (4th Cir. 2010) (per curiam) (unpublished). Accordingly, the court declines to exercise supplemental jurisdiction over Rosales's North Carolina FCA claim. See, e.g., Fogg v. U.S.A. Transp. Sec. Admin., No. 5:22-CV-124, 2023 WL 3635622, at *7 (E.D.N.C. May 24, 2023) (unpublished); A.R. ex rel. D.R. v. Wake Cnty. Bd. of Educ., No. 5:22-CV-45, 2022 WL 16953620, at *5 (E.D.N.C. Nov. 15, 2022) (unpublished); United States ex rel. Crocano v. Trividia Health Inc., 615 F. Supp. 3d 1296, 1314 (S.D. Fla. 2022); United States ex rel. Brown v. BankUnited Tr. 2005-1, 235 F. Supp. 3d 1343, 1362 (S.D. Fla. 2017).

In their notice of notice of declination, the United States and North Carolina "request that, should . . . the Defendant propose that this action be dismissed, . . . this Court solicit the written consent of the Governments before ruling." [D.E. 35] 1–2; see 31 U.S.C. § 3730(b)(1). The governments' "consent is required only where the relator seeks a voluntary dismissal," not where

12

a district court grants a defense motion to dismiss. United States ex rel. Shaver v. Lucas W. Corp., 237 F.3d 932, 934 (8th Cir. 2001); see Salmeron v. Enter. Recovery Sys., Inc., 579 F.3d 787, 797 n.5 (7th Cir. 2009); Searcy v. Philips Elecs. N. Am. Corp., 117 F.3d 154, 158 (5th Cir. 1997); Minotti v. Lensink, 895 F.2d 100, 103–04 (2d Cir. 1990) (per curiam). Accordingly, the court dismisses the action.

III.

In sum, the court GRANTS defendants' motion to dismiss [D.E. 45], GRANTS defendants' motion for judicial notice [D.E. 47], DISMISSES WITHOUT PREJUDICE plaintiff's federal FCA claims, and DECLINES to exercise supplemental jurisdiction over plaintiff's North Carolina FCA claim. The clerk shall close the case.

SO ORDERED. This 10 day of April, 2024.

JAMES C. DEVER III
United States District Judge